WILLIAM SCARBOROUGH *v*. JOSEPH STINSON and MAUNSEL WHITE, JR.

A special mortgage, with the pact *de non alienando*, granted on a plantation does not preclude the mortgagor from employing an overseer.

In case of a forced alienation of a plantation, the overseer is not bound to pursue his privilege on the proceeds of the sale in the hands of the Sheriff. No sale can destroy the privilege which the law creates in favor of overseers, as long as the crop hangs by the roots, or the proceeds, when gathered are not beyond the reach of the overseer.

In case of a forced alienation of a plantation with the crop in the ground, the overseer has not a privilege on such crop, for his whole year's salary, but simply for the proportion of the year elapsed at the date of such sale.

Article 2720 C. C. accords to the laborer the whole salary contracted for, when he is discharged by his employer without sufficient cause, before the expiration of his time of service ; but this is, as to the unexpired time, by way of penalty or damages. The privilege granted by Article 3184 is for a specific object, in the words of the Article, for " the appointment of salaries of the overseer for the year last past, and so much as is due of the current year."

APPEAL from the District Court of the Parish of Plaquemine, *Foulhouze, J. J. M. Bonner*, for plaintiff and appellant. *G. LeGardeur*, for defendants. DUFFEL, J. This cause presents three points for our solution.

1st. Whether a special mortgage, with the pact *de non alienando*, granted on a large sugar estate, precludes the mortgagor from employing an overseer, as such a contract might give rise to the exercise of the superior privilege granted by the Code, Article 3184, § 1.

2nd. Whether, in case of a forced alienation of the plantation the overseer is bound to pursue his privilege on the proceeds of the sale in the hands of the Sheriff.

3rd. Whether, in case of a forced alienation of the plantation with the crop in the ground, the overseer has a privilege on such crop, for his whole year's salary, or simply for the proportion of the year elapsed at the date of such sale.

We answer the two first points negatively. The employment of overseers on large estates, is a necessary expense on which, in many cases, depends the productiveness of such estate; and no sale can destroy the privilege which the law creates in favor of overseers, as long as the crop hangs by the roots, or the proceeds, when gathered, are not beyond the reach of the overseer.

The Article 2720, it is true, accords to the laborer the whole salary contracted for, when he is discharged by his employer without sufficient cause, before the expiration of his time of service, but this is, as to the unexpired time, by way of penalty or damages. The privilege granted by the Article 3184, § 1, is for a specific object, and in the words of the Article for " the appointment of salaries of the overseer, for the year last past and so much as is due of the current year."

The question therefore which suggests itself is : what was the salary earned by the plaintiff, and secured by privilege on the crop in the ground, when the plantation was forcibly taken from his employer and sold by executory process to *J. Y. De Egaña*, the vendor of the defendant, *White, Jr.?* The District Judge has, by computation of time, fixed the sum at $458 34, and we are satisfied that he has awarded to the plaintiff the whole amount of his privilege.

Judgment affirmed, with costs.